of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.

■ CORRIE L. GREENE, Respondent, v FRONTIER CENTRAL SCHOOL DISTRICT et al., Appellants. (Appeal No. 2.) [627 NYS2d 605] —Appeal unanimously dismissed without costs *(see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Joslin, J. —Set Aside Verdict.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.

■ TODD C. CONINGSBY, Appellant, v THEODORE MARABELL, JR., Respondent. (Appeal No. 1.) [627 NYS2d 606] —Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Negligence.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.

■ TODD C. CONINGSBY, Appellant, v THEODORE MARABELL, JR., Respondent. (Appeal No. 2.) [627 NYS2d 499] —Amended judgment unanimously affirmed without costs. Memorandum: Plaintiff contends that Supreme Court erred in giving a missing witness charge regarding Dr. Reich, an orthopedic surgeon, Dr. Sullivan, a neurologist, and Dr. Kaiser, a urologist, thereby depriving him of a fair trial. The charge in relevant part stated: "Specifically, although you're not required to do so, you may infer that the testimony of these doctors would not support the plaintiff's claim that he had symptoms of a closed head injury in the months after the accident." The record fails to disclose that plaintiff discussed that "closed head injury" with those doctors or sought treatment from them for that injury. The court, therefore, erred in giving a missing witness charge because defendant failed to establish that those doctors had knowledge of and would have been expected to provide testimony favorable to plaintiff on a material issue in the case *(see, Trainor v Oasis Roller World,* 151 AD2d 323, 325; *see also, People v Macana,* 84 NY2d 173, 177; *People v Gonzalez,* 68 NY2d 424, 427-428). Moreover, the doctors provided treatment on a very limited basis and last saw plaintiff more than three years before trial; there is nothing in the record to establish that they were under his control *(see, Oswald v Heaney,* 70 AD2d 653, 654; *see also, Diorio v Scala,* 183 AD2d 1065). We conclude, however, that, although the charge was erroneous, it did not deprive plaintiff