■ IDA T. MENDOZA, Appellant, v IRWIN S. KAPLOWITZ et al., Respondents. [627 NYS2d 89] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered December 21, 1992, which, upon a jury verdict in favor of the defendants and against the plaintiff, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends, among other things, that the verdict was against the weight of the evidence. We disagree. "It is well settled that a jury verdict in favor of a defendant may not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" *(Plant v Shalit,* 158 AD2d 676, 677; *see also, Nicastro v Park,* 113 AD2d 129). Here, the jury was presented with conflicting testimony and divergent expert opinions, the resolution of which is the jury's proper function *(see, De Luca v Kameros,* 130 AD2d 705, 706). Since the verdict is supported by a fair interpretation of the evidence presented, we discern no basis for disturbing it.

The plaintiff also contends that she suffered "devastating, incurable prejudice" by the court's failure to preclude the defendants from referring, in their opening statements, to the decedent's alleged comparative negligence. While it is true that the alleged negligence of the decedent prior to coming to the hospital was not relevant, because the defendants' liability

extends only to that portion of the plaintiff's injuries attributable to the defendants' malpractice *(see, Dubrey v Champlain Val. Physicians Hosp. Med. Ctr.,* 189 AD2d 950; *Frederic v St. John's Episcopal Hosp.,* 100 AD2d 571; *Chodos v Flanzer,* 90 AD2d 838),* nevertheless, the defendants' opening comments on this subject were brief. Indeed, the trial court ultimately properly dismissed the defenses of comparative negligence and gave, by the plaintiff's own admission, a proper charge to the jury on this subject. The court also instructed the jury to "completely disregard defense counsels' opening statements which alluded to the question of [decedent's] blame or fault before coming to the hospital". Finally, the plaintiff's allegation of "incurable" prejudice is belied by her actions at trial, where, after the opening statements, and after having moved for a mistrial on these grounds, the plaintiff was confronted with a problem of jurors' availability, and argued forcefully against a mistrial, stating, among other things, that "[t]here is absolutely at this point no reason at all to disband this jury and start with a new jury, no compelling reason", and "I really want to proceed with this trial". Thus, at that point, the plaintiff appeared convinced that any prejudice resulting from the opening statements had abated.

We have examined the plaintiff's remaining contentions and find them to be without merit. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.