◼ MARIO KASMAN et al., Appellants, v FLUSHING HOSPITAL AND MEDICAL CENTER et al., Defendants, and ANITA L. DE-LAGARZA, as Executrix of the Estate of ALEXANDER DELAGARZA, Deceased, Respondent. [638 NYS2d 687] —In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Satterfield, J.), entered June 23, 1994, which, upon a jury verdict in favor of the respondent and against them, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated insofar as asserted against the respondent, and a new trial is granted, with costs to abide the event.

On or about November 19, 1979, the now-deceased Dr. Alexander DeLagarza performed a fistulectomy and sphincterotomy upon the plaintiff Mario Kasman, which allegedly rendered him incontinent. The plaintiffs commenced this action alleging, among other things, that Dr. DeLagarza was negligent in performing these procedures and performed them without informed consent. After a trial, the jury determined that Dr. DeLagarza was not negligent.

The plaintiffs contend that the trial court erred by unduly hampering their summation, by allowing the medical record of a nontestifying doctor, Dr. A.W. Martin Marino, to be received into evidence, and by granting the respondent's request for a missing witness charge with regard to Dr. Marino. We agree with the plaintiffs' contentions and conclude that a new trial is required.

At trial, certain of the medical insurance records of the plaintiff Mario Kasman were received into evidence. During the plaintiffs' summation, the trial court prevented counsel from commenting on these records. It was prejudicial error to restrict the plaintiffs' counsel from commenting within the four corners of the evidence during summation (*see, Braun v Ahmed,* 127 AD2d 418, 421-422, citing *Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 102-103).

The trial court also erred in permitting Dr. Marino's report to be received into evidence when the respondent failed to offer foundational testimony pursuant to CPLR 4518 (a) or certify or authenticate it pursuant to CPLR 4518 (c) (*see, Matter of Damon J.,* 144 AD2d 467; *Diamond v Acker,* 78 AD2d 546).

Moreover, the court improvidently exercised its discretion in giving a missing witness charge as to Dr. Marino. The witness examined Mario Kasman on one occasion more than 13 years prior to the trial, and the plaintiffs' counsel indicated that his efforts to locate Dr. Marino had been unsuccessful. Because the plaintiffs established that Dr. Marino was unavailable and was not in their control, the missing witness charge was not appropriate (*see, Coningsby v Marabell,* 214 AD2d 949; *Oswald v Heaney,* 70 AD2d 653).

Under the circumstances, a new trial is required. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.