■ Krzysztof Klimkiewicz et al., Respondents, v JWA Furniture Company, Appellant. [671 NYS2d 499] —In an action to recover damages for personal injuries, etc., the defendant, JWA Furniture Company, appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated January 21, 1997, which, upon renewal, denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Krzysztof Klimkiewicz was injured when several four feet by eight feet melamine boards being moved by the defendant's employees slipped and fell on his head. We agree with the Supreme Court that there is an issue of fact with respect to whether the defendant's employees were acting within the scope of their employment when the injury occurred (*see, Riviello v Waldron,* 47 NY2d 297). While the boards that fell on the injured plaintiff belonged to one of the employees, who was planning to use the boards for a private project, they were being stored in a common area directly outside the defendant's shop, the defendant's principal had purchased the boards for the employee, and, as was his practice, had given the employee permission to do the project in the defendant's shop and to use its tools. Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ Harold Kraus et al., Respondents, v Chaim Rotem et al., Appellants. [670 NYS2d 367] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered December 19, 1996, which, upon a jury verdict awarding the plaintiffs the sum of $1,047,200 ($964,000 to Harold Kraus and $83,200 to Pamela Kraus), is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs.

Due to the defendants' failure to register an objection to the jury's verdict on the ground of inconsistency prior to the dismissal of the jury, at which time corrective measures could have been taken, their contention that the verdict was inconsistent is unpreserved for appellate review (*see, Barry v Manglass,* 55 NY2d 803). In any event, the verdict "was not necessarily inconsistent, in light of the law as it was defined to the jury by the trial court" (*Barone v City of Mount Vernon,* 170 AD2d 557, 558).

The damages awarded did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.