■ Derek M. Miller, Respondent, v Long Island Rail Road, Defendant and Third-Party Plaintiff-Appellant. Gary Nobile et al., Third-Party Defendants-Appellants. (And Another Title.) [730 NYS2d 449] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, the Long Island Rail Road, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered December 1, 1999, as, upon a jury verdict, and the denial of its motion pursuant to CPLR 4404 to set aside the verdict as excessive, is in favor of the plaintiff and against it in the principal sum of $10,736,800 ($1,800 for past medical expenses, $4,000,000 for past pain and suffering, $6,000,000 for future pain and suffering, $185,000 for future medical expenses, and $550,000 for future lost earnings), the third-party defendant Gary Nobile separately appeals, as limited by his brief, from so much of the same judgment as,

upon the jury verdict, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict as excessive, is in favor of the defendant third-party plaintiff Long Island Rail Road and against him for contribution, and the third-party defendant Joseph Miller separately appeals, as limited by his brief, from so much of the same judgment as awarded the plaintiff damages of $4,000,000 for past pain and suffering and $6,000,000 for future pain and suffering.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding damages on the plaintiff's causes of action to recover damages for past and future pain and suffering, and substituting therefor a provision severing those causes of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with one bill of costs to the appellants Long Island Rail Road and Joseph Miller, unless within 30 days after the service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $4,000,000 to $1,300,000, and for future pain and suffering from $6,000,000 to $1,950,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

The third-party defendant Gary Nobile's contention that the verdict against him was not based on legally sufficient evidence is without merit, as the evidence presented at trial provided a rational basis for the jury determination (*see, Mirand v City of New York*, 84 NY2d 44, 49-50; *Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Altman v Alpha Obstetrics & Gynecology*, 255 AD2d 276, 277). Nobile's contention that the verdicts against him and the other third-party defendant were inconsistent is unpreserved for appellate review because he failed to object on that ground before the jury was released (*see, Kraus v Rotem*, 249 AD2d 371). In any event, the contention is without merit, as the verdicts can be reconciled with a reasonable view of the evidence (*see, Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451; *Rubin v Pecoraro*, 141 AD2d 525, 526). The verdicts against Nobile and the defendant third-party plaintiff Long Island Rail Road are also supported by a fair interpretation of the evidence (*see, Voiclis v International Assn. of Machinist & Aerospace Workers*, 239 AD2d 339; *Corcoran v People's Ambulette Serv.*, 237 AD2d 402, 403; *Nicastro v Park*, 113 AD2d 129, 134).

The damages awarded for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]). Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.