■ HILDA TORRES, Respondent, v TIFFANY ESAIAN et al., Appellants. [773 NYS2d 453]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated October 29, 2002, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as found that the plaintiff did not sustain a trabecular fracture as a result of the accident and granted a trial as to damages.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the jury verdict is reinstated, and the complaint is dismissed.

The plaintiff brought this action to recover damages for personal injuries, including a "trabecular fracture," which she allegedly sustained in an automobile accident when her vehicle was struck in the rear. After the issue of liability was determined

in favor of the plaintiff, the matter proceeded to a trial on damages. At the conclusion of the damages trial the jury returned a verdict in favor of the defendants, finding that the plaintiff had not sustained a trabecular fracture "as a result of the accident involved in this case." Upon the plaintiff's motion, the trial court, inter alia, set aside that portion of the verdict as against the weight of the evidence. We reverse.

It is well settled that the standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Galimberti v Carrier Indus.,* 222 AD2d 649 [1995]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451 [1997]).

The plaintiff testified at the trial that immediately after the accident she was treated and released from an emergency room at Methodist Hospital. However, no hospital records were admitted in evidence. The plaintiff claimed that she saw a doctor the following day for treatment of her back, but that doctor did not testify nor were any medical records admitted in evidence. She further testified that she saw a second doctor a month later who recommended a magnetic resonance imaging (hereinafter MRI). This doctor did not testify, nor were any of his records admitted in evidence.

The only medical evidence admitted at the trial was the testimony of a doctor who examined the plaintiff for the first time over two years after the accident. He testified that the MRI taken months after the accident showed a trabecular fracture. The plaintiff's contention that the trabecular fracture was a result of the accident was based upon her rendition of her own medical history to her expert over two years after the accident.

The plaintiff's credibility was impeached by, inter alia, evidence indicating that her vehicle sustained minimal physical damage, if any. Although the plaintiff testified the accident occurred when her vehicle was struck in the rear with a "very heavy" impact, no damage to the vehicle was visible on photographs admitted at the trial and the vehicle was never repaired. Evidence was also admitted that the plaintiff said at the time of the accident that she was "going to milk it for whatever she could."

In view of the foregoing, the jury could reasonably have

concluded that although the plaintiff suffered from a trabecular fracture, it was not as a result of the accident. Accordingly, it cannot be said that the verdict against her was against the weight of the credible evidence. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.