■ ANDREA FRIEDMAN et al., Appellants, v STEPHEN H. MARCUS et al., Respondents, et al., Defendant. [821 NYS2d 136]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Winslow, J.), entered July 20, 2004, which, upon a jury verdict, is in favor of the defendants Stephen H. Marcus and South Island Orthopedic Group, P.C., and against them dismissing the complaint insofar as asserted against those defendants, and (2) an order of the same court dated June 7, 2005, which denied their motion, inter alia, pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The plaintiffs contend that the respondents' attorney improperly argued in summation that a second injury, a month after the first, triggered the injured plaintiff's reflex sympathetic dystrophy (hereinafter RSD). This argument was offered to explain why the injured plaintiff's RSD was not in an acute stage when the defendant Stephen H. Marcus previously saw the injured plaintiff. The plaintiffs' attorney never objected to those comments and never sought a curative instruction or a mistrial. Consequently, this contention is unpreserved for appellate review (see Ritz v Lee, 273 AD2d 291 [2000]; Savarese v City of N.Y. Hous. Auth., 172 AD2d 506, 509 [1991]). In any event, the challenged remarks were based on the evidence in the trial record and thus were proper (see Alexander v City of New York, 240 AD2d 603, 604 [1997]; Kasman v Flushing Hosp. & Med. Ctr., 224 AD2d 590 [1996]).

Further, the Supreme Court properly denied that branch of the plaintiffs' motion which was to set aside the verdict as against the weight of the evidence. The jury found that the defendant Stephen H. Marcus did not depart from good and accepted medical practice by placing the injured plaintiff's arm in

a cast. This verdict was supported by a fair interpretation of the evidence, and, hence, was not against the weight of the evidence (*see Mendoza v Kaplowitz,* 215 AD2d 735 [1995]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]).

The plaintiffs' remaining contentions either are unpreserved for appellate review or without merit. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.