■ MARIA TAPIA, Respondent, v DATTCO, INC., Appellant. [821 NYS2d 124]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schack, J.), entered August 16, 2004, which, upon a jury verdict, and upon denying the defendant's motion pursuant to CPLR 4401 to dismiss the complaint as a matter of law for failure to establish a prima facie case and subsequent motion pursuant to CPLR 4404 to set aside the verdict as a matter of law or, in the alternative, as against the weight of the evidence, is in favor of the plaintiff and against it in the total sum of $305,740.

Ordered that the judgment is affirmed, with costs.

This action arises from a two-car collision occurring on October 23, 2000 in which a vehicle being operated by the plaintiff was struck in the rear by a bus owned by the defendant. Approximately eight months after the accident, the plaintiff started a job with Home Depot which, initially, required her to operate machinery. According to the plaintiff's testimony, she was eventually relegated to sedentary work because the medication she was taking for her injuries caused her to become drowsy. On December 15, 2001 the plaintiff was involved in a second motor vehicle accident and, on the following day, she quit her job at Home Depot as a result of the injuries sustained in that accident. On December 5, 2002 the plaintiff underwent an endoscopic discectomy to treat a herniated disc in her lumbar spine.

At trial, the plaintiff's physiatrist testified that in May 2001 or seven months after the first accident, and seven months prior to the second accident, he measured, inter alia, the flexion and rotation of the plaintiff's lumbar spine, and found that she suffered a $33^1/_3\%$ limitation of motion in both the flexion and right rotation of her lumbar spine. The physiatrist diagnosed a pinched nerve in the plaintiff's back and a herniated disc, both of which, he testified, caused the limitation of motion. The plaintiff's orthopedist, Jeffery Klein, testified that he administered a Magnetic Resonance Imaging (hereinafter MRI) scan of the plaintiff's lumbar spine in July 2001—9 months after the first accident, and 5 months before the second accident—and diagnosed the plaintiff with a disc herniation at L4-L5. He conceded that there was some degeneration at the L4-L5 site,

but opined that the acute herniation he observed in July 2001 was not the result of a degenerative process, but of a trauma. He further opined that an MRI scan taken in November 2002, almost one year after the second accident, was virtually identical at L4-L5 to the MRI scan taken in July 2001.

In May 2004 the physiatrist re-examined the plaintiff with respect to limitation of motion. The $33^{1}/3\%$ limitations on lumbar flexion and right lumbar rotation were the same limitations that had been measured after the first accident but before the second. Although the physiatrist testified that the plaintiff suffered from radiculopathy, and ascribed the limitations of motion measured in 2004 to the combined effects of both accidents, he did not refute his earlier testimony that the first limitations he measured in May 2001 were attributable to the herniation.

Following the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 to dismiss the complaint as a matter of law for failure to prove a prima facie case that the plaintiff's injuries were causally related to the first accident. The court denied the motion. The jury subsequently reached a verdict finding that the plaintiff had sustained a serious injury which was caused by the first accident. Thereafter, the defendant moved pursuant to CPLR 4404 to set aside the verdict as a matter of law or, in the alternative, as against the weight of the evidence, and for a new trial. The court denied that motion as well. On appeal, the defendant maintains that the court erred in denying the motions. We disagree, and affirm the judgment.

A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Broadie v St. Francis Hosp., 25 AD3d 745, 746 [2006]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable. to the nonmovant' " (Hand v Field, 15 AD3d 542, 543 [2005], quoting Szczerbiak v Pilat, supra). Contrary to the defendant's contention, viewing the facts in the light most favorable to the plaintiff, the evidence adduced at trial was at least sufficient to establish a prima facie case that the plaintiff's injuries were the result of the first accident. Since the foregoing standard is also used to determine whether a verdict should be

set aside as based on legally insufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]), the Supreme Court properly denied that branch of the defendant's postverdict motion which was for that relief.

The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Harris v Marlow*, 18 AD3d 608, 610 [2005]; *Torres v Esaian*, 5 AD3d 670, 671 [2004]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Torres v Esaian, supra* at 671). Here, a fair interpretation of the evidence supports the jury's conclusion that, based on the evidence before it, the first accident caused serious injury to the plaintiff. Although the existence of a disc herniation, standing alone, is not sufficient to establish a serious injury within the meaning of the Insurance Law (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 n 4 [2002]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]; *Pierre v Nanton*, 279 AD2d 621 [2001]), the plaintiff adduced evidence that, as a result of the herniation, she suffered from an objectively determined significant limitation of motion to her lumbar spine between the first and second accidents, and that the herniation, in turn, was caused by the trauma attributable to the first accident.

In light of the foregoing, we do not reach the parties' other contentions. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.