■ MARK FIGUEROA, Respondent, v WOJCEIECH SLIWOWSKI, Appellant. [841 NYS2d 677]—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Kelly, J.), entered June 28, 2006, which, upon the denial of his motion pursuant to CPLR 4401 to dismiss the complaint as a matter of law for failure to establish a prima facie case, upon a jury verdict awarding the plaintiff damages in the sum of $80,000 against him, and upon the denial of his motion pursuant to CPLR 4404 to set aside the

verdict as against the weight of the evidence, is in favor of the plaintiff and against him in the principal sum of $80,000.

Ordered that the judgment is affirmed, with costs.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court finds that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.; see Hand v Field,* 15 AD3d 542, 543 [2005]). Viewing the evidence adduced at trial in the light most favorable to the plaintiff, we find that it was sufficient to establish a prima facie case that, as a result of the subject accident, the plaintiff sustained a significant limitation of use of a body function or system. Therefore, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4401 to dismiss the complaint as a matter of law for failure to establish a prima facie case.

The Supreme Court also properly denied the defendant's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence. The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Torres v Esaian,* 5 AD3d 670, 671 [2004]). Here, a fair interpretation of the evidence supports the jury's conclusion that based on the evidence before it, the plaintiff sustained a "significant limitation." Contrary to the defendant's contention, the plaintiff's orthopedic expert, Dr. Donald Goldman, was not "[a] nontreating physician, retained only as an expert" (*see Adkins v Queens Van-Plan,* 293 AD2d 503, 504 [2002]). Accordingly, it was not improper for him to testify regarding the history of the accident, as related by the plaintiff, and regarding the plaintiff's medical complaints. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.