■ MELDA PEARSON, Respondent, v KEITH WALKER et al., Appellants. [846 NYS2d 194]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Smith, J.), dated June 7, 2006, which, upon a jury verdict awarding the plaintiff damages in the sums of $50,000 for past pain and suffering and $55,500 for future pain and suffering, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff and against them in the principal sum of $105,500.

Ordered that the judgment is affirmed, with costs.

The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Figueroa v Sliwowski*, 43 AD3d 858 [2007]; *Tapia v Dattco, Inc.*, 32 AD3d 842 [2006]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Torres v Esaian*, 5 AD3d 670, 671 [2004]).

A fair interpretation of the evidence supports the jury's conclusion that the plaintiff sustained a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 355 [2002]). Furthermore, the damages awarded to the plaintiff do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Frascarelli v Port Auth. of N.Y. & N.J.*, 269 AD2d 422 [2000]; *see also Semple v New York City Tr. Auth.*, 301 AD2d 514 [2003]).

The defendants' contention regarding the Supreme Court's evidentiary rulings is without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.