■ Edison Ayala, Respondent, v Lindy's Dispatching, Inc., et al., Appellants. [864 NYS2d 453]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Agate, J.), entered June 13, 2007, which, inter alia, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, upon a jury verdict finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and awarding the plaintiff damages in the principal sums of $200,000 for past pain and suffering and $17,000 for future pain and suffering, and upon so much of an order of the same court entered May 16, 2007, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $217,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the appeal from the judgment brings up for review both the denial of the defendants' motion pursuant to CPLR 4401 and the subsequent order entered May 16, 2007, denying that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law (*see* CPLR 5501 [a] [1]).

After the trial on damages, the jury returned a verdict finding that, as a result of the subject motor vehicle accident, the plaintiff suffered a significant limitation of use of a body func-

tion or system and also sustained a medically determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities. We find that there was a valid line of reasoning and permissible inferences which could lead rational persons to the conclusions reached by the jury upon the evidence presented at trial (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 843-844 [2006]). Accordingly, we affirm the judgment. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.