In an action to recover damages for personal injuries, the plaintiff appeals from an amended judgment of the Supreme Court, Orange County (Owen, J.), entered June 8, 2007, which, upon a jury verdict, is in favor of the defendant and against him, dismissing the complaint.
Ordered that the amended judgment is affirmed, with costs.
This action arises out of a two-car collision that occurred on November 21, 2003. A motor vehicle operated by the plaintiff was struck in the rear by a motor vehicle operated by the defendant. Evidence at trial established that the plaintiff had a herniated disc as early as 2001 and that it still existed one month before the accident. The plaintiffs medical expert testified that the accident aggravated the condition, but the defense presented expert testimony that the herniated disc had not worsened as a result of the accident. Additionally, the plaintiff was impeached with inconsistent statements about whether he had suffered or sought treatment for neck pain before the accident. The jury found that the defendant was at fault for the accident, but that the plaintiff had not sustained a serious injury as a result thereof (see Insurance Law § 5102 [d]). The plaintiff appeals, asserting, inter alia, that the verdict was against the weight of the evidence. We affirm.
*589 The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the unsuccessful party that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Pearson v Walker, 44 AD3d 1019 [2007]; Tapia v Dattco, Inc., 32 AD3d 842, 844 [2006]). If the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Pearson v Walker, 44 AD3d at 1019; Tapia v Dattco, Inc. 32 AD3d at 844). Here, there is a fair interpretation of the evidence presented at trial that supports the jury’s conclusion that the accident did not cause the plaintiff to sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Marino v Cunningham, 44 AD3d 912, 913 [2007]; cf. Scudera v Mahbubur, 39 AD3d 620, 620-621 [2007]).
The plaintiff’s remaining contentions are without merit. Prudenti, EJ., Mastro, Fisher and Dillon, JJ., concur.