■ Amy Handwerker et al., Appellants-Respondents, v Dominick L. Cervi, Inc., et al., Respondents-Appellants. [869 NYS2d 201]

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (see *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Hamilton v Rouse*, 46 AD3d 514, 516 [2007]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556). Contrary to the defendants' contention, viewing the facts in the light most favorable to the plaintiffs, the evidence was sufficient to establish that the plaintiff Amy Handwerker (hereinafter the plaintiff) sustained a medically determined injury or impairment which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for at least 90 out of the 180 days immediately following the accident, as set forth in Insurance Law § 5102 (d).

The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached upon any fair interpretation of the evidence

(*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Tapia v Dattco, Inc.*, 32 AD3d 842 [2006]). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Tapia v Dattco, Inc.*, 32 AD3d at 842). Here, a fair interpretation of the evidence supports the jury's conclusion that, based on the evidence before it, the plaintiff did not sustain a "significant limitation" or a "permanent consequential limitation," within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident.

The damages award for past pain and suffering did not materially deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Ruiz v Hart Elm Corp.*, 44 AD3d 842, 844 [2007]). Skelos, J.P., Lifson, Covello and Balkin, JJ., concur.