■ MICHAEL McGOVERN, Appellant, v JARED IQBAL, Respondent. [880 NYS2d 508]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered November 30, 2007, which, upon a jury verdict finding the defendant 100% at fault in the happening of the accident, and awarding him damages in the principal sum of only $10,000 for past pain and suffering, and awarding no damages for future pain and suffering, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the damages verdict as contrary to the weight of the evidence and inadequate, and for a new trial on the issue of damages, is in favor of him and against the defendant in the principal sum of only $10,000.

Ordered that the judgment is affirmed, with costs.

The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615 [2008]; *Tapia v Dattco, Inc.*, 32 AD3d 842 [2006]). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Tapia v Dattco, Inc.*, 32 AD3d at 842). Here, a fair interpretation of the evidence supports the jury's conclusion.

The damages awarded for past pain and suffering did not materially deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Handwerker v Dominick L. Cervi Inc.*, 57 AD3d at 615). Furthermore, since there was a fair interpretation of the evidence (*id.* at 616), upon which the jury could have concluded that the plaintiff had fully recovered from his injuries as of the time of the verdict, no basis exists to disturb the jury verdict, insofar as it awarded the plaintiff no damages for future pain and suffering. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.