■ RICHARD VOLINO, Appellant, v LONG ISLAND RAIL ROAD COMPANY, Respondent. [919 NYS2d 914]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered March 2, 2010, which, upon a jury verdict in favor of the defendant, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with costs.

The plaintiff's contentions that the jury verdict was not based on legally sufficient evidence and that he was entitled to a directed verdict in his favor are unpreserved for appellate review, as the plaintiff did not raise that issue or request that relief in the trial court (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *McConnell v Santana*, 77 AD3d 635, 637 [2010]).

Contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict upon any fair interpretation of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d

493, 497-498 [1978]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). It is the jury's province to make determinations as to the credibility of witnesses, and great deference is accorded to the jury's determinations in this regard given its opportunity to see and hear the witnesses (*see Emeagwali v Brooklyn Hosp. Ctr.*, 60 AD3d 891, 892 [2009]; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343, 343-344 [2005]). Based on the evidence adduced at trial, the verdict in favor of the defendant should not be disturbed.

The plaintiff's present challenge to certain testimony of a train engineer elicited during the defendant's cross-examination of that witness on the grounds that it was speculative and lacked a factual foundation is not preserved for appellate review, as the plaintiff did not object to the testimony on those grounds at trial (*see Palmer v CSX Transp., Inc.*, 68 AD3d 1626, 1627-1628 [2009]; *Gunnarson v State of New York*, 95 AD2d 797, 798 [1983]). Additionally, to the extent that the plaintiff challenges the jury verdict as being inconsistent, the contention also is unpreserved for appellate review since he did not advance that issue in the trial court prior to the discharge of the jury (*see Rivera v MTA Long Is. Bus*, 45 AD3d 557, 557-558 [2007]; *Miller v Long Is. R.R.*, 286 AD2d 713, 714 [2001]). Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.