Second Department, August, 2012

(August 1, 2012)

■ Patrice Algerio et al., Appellants, v Caribbean Air Conditioning et al., Respondents. [949 NYS2d 449]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 13, 2010, which denied their motion pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence and as inadequate, the jury verdict on the issue of damages in the principal sums of $50,000 for past pain and suffering, $0 for future pain and suffering, and $0 for loss of services, and for a new trial on those elements of damages.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiffs' motion which were to set aside, as inadequate, the jury verdict on the issue of damages for past pain and suffering and for a new trial on that element of damages, and substituting therefor a provision granting those branches of the motion to the extent of setting aside, as inadequate, the jury verdict on the issue of damages for past pain and suffering and directing a new trial on that issue unless the defendants shall serve and file in the Office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to increase the award of damages for past pain and suffering from the principal sum of $50,000 to the principal sum of $200,000; as so modified, the order is affirmed, with costs to the plaintiffs; and it is further,

Ordered that the time for the defendants to serve and file the written stipulation consenting to increase the damages for past pain and suffering from the principal sum of $50,000 to the principal sum of $200,000, if they be so advised, shall be within 30 days after service upon them of a copy of this decision and order.

The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the verdict could not have been reached upon any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; McGovern v Iqbal, 63 AD3d 803 [2009]; Handwerker v Dominick L. Cervi, Inc., 57 AD3d 615 [2008]; Tapia v Dattco, Inc., 32 AD3d 842 [2006]). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to

the presumption that the jury adopted that view (*see McGovern v Iqbal*, 63 AD3d 803 [2009]; *Tapia v Dattco, Inc.*, 32 AD3d at 842). Here, a fair interpretation of the evidence supports the jury's conclusion that the plaintiff Patrice Algerio (hereinafter the injured plaintiff) was not entitled to damages for future pain and suffering.

However, considering the nature and extent of the injury to her left knee, the damages award for past pain and suffering materially deviated from what would be reasonable compensation, and is inadequate to the extent indicated (*see* CPLR 5501 [c]; *Purkiss-Riddle v New York City Tr. Auth.*, 89 AD3d 1001 [2011]; *Adames v Awad*, 47 AD3d 737 [2008]; *Van Ness v New York City Tr. Auth.*, 288 AD2d 374 [2001]). Accordingly, there must be a new trial on the issue of damages for past pain and suffering, unless the defendants stipulate to the amount indicated.

To the extent that the plaintiffs challenge the jury verdict as being inconsistent, that contention is unpreserved for appellate review since they did not advance that issue in the trial court prior to the discharge of the jury (*see Volino v Long Is. R.R. Co.*, 83 AD3d 693 [2011]; *Rivera v MTA Long Is. Bus*, 45 AD3d 557 [2007]; *Miller v Long Is. R.R.*, 286 AD2d 713 [2001]).

The plaintiffs' remaining contention is without merit. Florio, J.P., Balkin, Hall and Miller, JJ., concur.