Sue Cooper, Respondent,
against
Motor Vehicle Accident Indemnification Corp., Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Barry A. Schwartz, J.), entered December 12, 2013. The judgment, entered upon separate jury verdicts in favor of plaintiff on the issues of liability and damages, and upon the denials of defendant's motions pursuant to CPLR 4401 for a directed verdict on the issue of damages, and pursuant to CPLR 4404 to set aside the jury verdict on the issue of damages as against the weight of the evidence, awarded plaintiff the principal sum of $25,000.




ORDERED that the judgment is affirmed, without costs.
In this action to recover damages for personal injuries arising out of a motor vehicle accident, defendant moved at the close of the damages portion of the jury trial for a directed verdict (see CPLR 4401) on the ground that plaintiff had failed to establish that she had sustained a serious injury. The Civil Court denied the motion, and the jury thereafter found that plaintiff had met the threshold requirement of serious injury pursuant to Insurance Law § 5102 (d), in that she had sustained a permanent consequential limitation of use of a body organ or member. The Civil Court subsequently denied an oral motion by defendant pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence. A judgment was entered in favor of plaintiff in the principal sum of $25,000. This appeal by defendant ensued.
To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (see Delaney v Delaney, 83 AD3d 647 [2011]; Figueroa v Sliwowski, 43 AD3d 858 [2007]). In considering a motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant (see Delaney v Delaney, 83 AD3d 647). Viewing the facts in the light most favorable to plaintiff, there was a rational process by which the jury could find that plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d).
Moreover, a jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (see Figueroa v Sliwowski, 43 AD3d 858 [2007]). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one party's expert's opinion, and reject the other party's expert's opinion (see id.). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see [*2]Handwerker v Dominick L. Cervi, Inc., 57 AD3d 615 [2008]; Tapia v Dattco, Inc., 32 AD3d 842 [2006]).
Here, a fair interpretation of the evidence supports the jury's conclusion that plaintiff sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d). Plaintiff's expert witness testified about plaintiff's limitation of her ranges of motion and compared his findings to normal ranges of motion. Moreover, the expert witness offered testimony with respect to the tests he had performed to arrive at his conclusion that plaintiff had sustained a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Scudera v Mahbubur, 299 AD2d 535 [2002]). Although defendant's medical experts offered a different opinion, the resolution of conflicting medical opinions is within the province of the jury (see Mendoza v Kaplowitz, 215 AD2d 735 [1995]).
Accordingly, the judgment is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: November 25, 2016