Hiotidis v Ramuni (2018 NY Slip Op 03512)





Hiotidis v Ramuni


2018 NY Slip Op 03512


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-09948
 (Index No. 17676/11)

[*1]Spiro M. Hiotidis, et al., respondents, 
v
Nicole Ramuni, appellant.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Mitchell L. Kaufman of counsel), for appellant.
Michelstein & Associates, PLLC, New York, NY (Richard A. Ashman and Stephen J. Riegel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated August 4, 2015. The judgment, upon a jury verdict finding that the plaintiff Spiro M. Hiotidis sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102(d), and, upon the denial of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of damages, is in favor of that plaintiff and against the defendant in the principal sum of $150,000.
ORDERED that the judgment is affirmed, with costs.
At the trial of this action to recover damages for personal injuries, the plaintiff Spiro Hiotidis testified that the vehicle in which he and the plaintiff Kerri Hiotidis were traveling was struck in the rear by the defendant's vehicle. A board-certified orthopedic surgeon who testified for the plaintiffs had examined Spiro approximately six months after the accident. The physician measured the range of motion of the cervical and lumbar regions of Spiro's spine and of his right shoulder, and found deficits of up to 33% in the cervical and lumbar regions of the spine and 38% in the right shoulder. The physican also reviewed X rays of each body part at issue. The physician testified that the motor vehicle accident was the cause of Spiro's injuries.
After the defendant presented her case, she requested a missing witness charge on the ground that the plaintiffs failed to present the testimony of any physician who had treated Spiro. The Supreme Court denied the request. Following the jury charge, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of damages. The court denied the motion.
The jury unanimously found that Spiro sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102(d), and that he should be awarded the principal sum of $150,000 for past pain and suffering. A judgment thereon dated August 4, 2015, was entered accordingly. The defendant appeals.
"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be [*2]granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556; Jourbine v Ma Yuk Fu, 67 AD3d 865, 866). In considering such a motion, " the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hand v Field, 15 AD3d 542, 543, quoting Szczerbiak v Pilat, 90 NY2d at 556).
Here, based on the evidence adduced at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that Spiro sustained serious injuries to the cervical and lumbar regions of his spine and to his right shoulder, and that those injuries were caused by the subject accident (cf. Perl v Meher, 18 NY3d 208, 218-219; Sforza v Big Guy Leasing Corp., 51 AD3d 659, 661; see generally Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 4401.
The Supreme Court did not err in denying the defendant's request for a missing witness charge (see Coningsby v Marabell, 214 AD2d 949; cf. Wilson v Bodian, 130 AD2d 221, 233-235; see generally Buttice v Dyer, 1 AD3d 552, 552-553).
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court