Rozmarin v Sookhoo (2019 NY Slip Op 04213)





Rozmarin v Sookhoo


2019 NY Slip Op 04213


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-04106
2017-04438
 (Index No. 19210/13)

[*1]Eleonora Rozmarin, appellant-respondent,
v
Anil Jerome Sookhoo, et al., respondents-appellants.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Jonathan Panarella of counsel), for appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Arthur Shack, J.), entered February 26, 2016, and an order of the same court (Johnny L. Baynes, J.) dated February 17, 2017, and the defendants cross-appeal from the order. The judgment, insofar as appealed from, upon a jury verdict, is in favor of the plaintiff and against the defendants in the total principal sums of only $20,000 for past pain and suffering and $0 for future pain and suffering. The order, insofar as appealed from, denied, as untimely, the plaintiff's motion pursuant to CPLR 4404(a) and 5501 for an additur of future pain and suffering or, alternatively, to set aside that damages award as contrary to the weight of the evidence and for a new trial on the issue of damages for future pain and suffering. The order, insofar as cross-appealed from, denied the defendants' cross motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint.
ORDERED that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the defendants of a copy of this decision and order with notice of entry, the defendants serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the damages awards for past pain and suffering from the principal sum of $20,000 to the principal sum of $50,000 and for future pain suffering from $0 to the principal sum of $50,000, and to the entry of an amended judgment accordingly. In the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries she sustained to her spine and left shoulder as a result of an automobile accident. Following a jury trial on the issue of damages only, the jury found that the plaintiff, who was 38 years old at the time of the accident, sustained a serious injury as a result of the accident under the permanent consequential [*2]limitation of use category of Insurance Law § 5102(d), and awarded her $20,000 for past pain and suffering and $0 for future pain and suffering. The jury verdict was rendered on October 14, 2015. By notice of motion dated December 22, 2015, the plaintiff moved pursuant to CPLR 4404(a) and 5501 for an additur to the future pain and suffering award, or, alternatively, to set aside that jury verdict as contrary to the weight of the evidence and for a new trial on the issue of future pain and suffering. The defendants cross-moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Judgment in favor of the plaintiff and against the defendants in the principal sum of $20,000 was entered February 26, 2016. In an order dated February 17, 2017, the Supreme Court denied the plaintiff's motion as untimely under CPLR 4405, and denied the defendants' cross motion as without merit. The plaintiff appeals from the judgment and the order, and the defendants cross-appeal from the order.
We agree with the Supreme Court's determination to deny the plaintiff's posttrial motion as untimely under CPLR 4405, as it was made more than 15 days after the jury verdict was rendered, without good cause shown (see Verdi v Jacob & Meyers, LLP, 154 AD3d 901, 903; Matter of Munoz v O'Connor-Gang, 154 AD3d 700, 702; Trimarco v Data Treasury Corp., 146 AD3d 1008, 1009; Rice v Rice, 135 AD3d 928).
"Before granting a motion pursuant to CPLR 4404(a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (Michael H. Spector, AIA, P.C. v Billy Smith's Sport Ctr., Inc., 95 AD3d 967, 967 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Soto v City of New York, 63 AD3d 1035, 1036). The evidence must be viewed in the light most favorable to the prevailing party (see Hammond v Diaz, 82 AD3d 839, 840). Here, viewing the facts in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident(see Chiara v Dernago, 128 AD3d 999; Liounis v New York City Tr. Auth., 92 AD3d 643, 643). Accordingly, we agree with the Supreme Court's determination to deny the defendant's cross motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint.
The plaintiff's contention that the jury verdict as to future pain and suffering was inconsistent is unpreserved for appellate review because she failed to object to the verdict on that basis prior to the discharge of the jury (see Barry v Manglass, 55 NY2d 803; Iovino v Kaplan, 145 AD3d 974, 978; Volino v Long Is. R.R. Co., 83 AD3d 693; Rivera v MTA Long Is. Bus, 45 AD3d 557; Miller v Long Is. R.R., 286 AD2d 713; Devine v City of New York, 262 AD2d 443; Kraus v Rotem, 249 AD2d 371).
While the amount of damages to be awarded for personal injuries is primarily a question for the jury, it may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983; Kayes v Liberati, 104 AD3d 739, 741; Brown v Elliston, 42 AD3d 417; Burton v New York City Hous. Auth., 191 AD2d 669; Castellano v City of New York, 183 AD2d 800; Schare v Welsbach Elec. Corp., 138 AD2d 477, 478). Although not binding upon the courts, recent awards for similar or comparable injuries may serve to "guide and enlighten" the court in determining whether an award is reasonable (see Miller v Weisel, 15 AD3d 458, 459; Senko v Fonda, 53 AD2d 638, 639). Here, we agree with the plaintiff's contention, on the appeal from the judgment, that the damages awards for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court