Chioffe v Pyne (2021 NY Slip Op 51175(U))

[*1]

Chioffe v Pyne

2021 NY Slip Op 51175(U) [73 Misc 3d 140(A)]

Decided on December 3, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-642 Q C

Jennifer Nicole Chioffe, Respondent,
against
William H. Pyne, III, Appellant. 

Martyn & Martyn (Catherine M. Martyn of counsel), for appellant.
Lawrence B. Goodman, for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A.
Catapano-Fox, J.), entered July 23, 2019. The order granted defendant's motion pursuant to
CPLR 4404 (a) to set aside a jury verdict on the issue of damages as against the weight of the
evidence and for a new trial thereon or, in the alternative, to reduce the jury verdict as excessive,
only to the extent of reducing the award for future pain and suffering from $750,000 to
$300,000.

ORDERED that the order is modified by providing that defendant's motion is granted to the
extent of setting aside the jury verdict on the issue of damages for future pain and suffering as
excessive, and the matter is remitted to the Civil Court, Queens County, for a new trial on the
issue of damages for future pain and suffering unless, within 30 days after service upon plaintiff
of a copy of this decision and order, plaintiff serves and files in the office of the Clerk of the New
York City Civil Court, Queens County, a written stipulation consenting to reduce the amount of
damages for future pain and suffering from the principal sum of $750,000 to the principal sum of
$300,000; as so modified, the order is affirmed, without costs.
The instant personal injury action arises out of a motor vehicle accident that occurred on
November 19, 2010, when plaintiff was 17 years old. Plaintiff was a back seat passenger in her
friend's vehicle when it was struck in the rear by a pickup truck and then propelled into the [*2]vehicle in front of her. Liability was conceded and a trial was held
on the issue of damages, at which plaintiff testified that she experiences pain in her neck
"practically all the time" since the accident and that she can no longer do things she used to do.
Plaintiff's orthopedist testified that the accident had caused plaintiff to suffer a "significant bulge"
in her cervical spine as seen in her MRI film, which bulge is compatible with plaintiff's
complaints of pain. Plaintiff's orthopedist also found restrictions in the range of motion of
plaintiff's cervical spine after performing range of motion tests just days after the accident, which
restrictions were still present when he examined her four years after the accident. Defendant's
orthopedist testified that, after his examination of plaintiff in June 2015, he found plaintiff's
cervical range of motion to be within normal limits. After viewing the MRI of plaintiff's cervical
spine taken weeks after the accident, defendant's orthopedist agreed that plaintiff had sustained a
disc bulge in her cervical spine.
The jury awarded plaintiff $150,000 for past pain and suffering and $750,000, over the
course of 55 years, for future pain and suffering. Defendant moved, pursuant to CPLR 4404 (a),
to set aside the jury verdict and for a new trial on the issue of damages or, in the alternative, to
reduce the jury verdict as excessive, on the ground that it deviated materially from what would be
reasonable compensation. Defendant appeals from an order of the Civil Court entered July 23,
2019, which granted defendant's motion only to the extent of reducing the jury award for future
pain and suffering from $750,000 to $300,000. Defendant contends, among other things, that the
jury's finding that plaintiff sustained a serious injury pursuant to Insurance Law § 5102 was
against the weight of the evidence and that the amount awarded to plaintiff for future pain and
suffering, as reduced by the Civil Court, was still excessive.
A jury verdict should not be set aside as against the weight of the evidence unless the verdict
could not have been reached on any fair interpretation of the evidence (see Figueroa v
Sliwowski, 43 AD3d 858 [2007]). Where, as here, conflicting expert testimony is presented,
the jury is entitled to accept one party's expert's opinion, and reject the other party's expert's
opinion (see id.). When a verdict can be reconciled with a reasonable view of the
evidence, the successful party is entitled to the presumption that the jury adopted that view (see Handwerker v Dominick L. Cervi,
Inc., 57 AD3d 615 [2008]; Tapia v Dattco, Inc., 32 AD3d 842 [2006]).
Here, a fair interpretation of the evidence supports the jury's conclusion that plaintiff
sustained a serious injury under the permanent consequential limitation of use of a body organ or
member and a significant limitation of use of a body function or system categories of Insurance
Law § 5102 (d). Plaintiff's expert witness testified about plaintiff's limitation of her range of
motion in her cervical spine. Moreover, the expert witness offered testimony with respect to the
significant bulge in a disc as shown on plaintiff's MRI films, which led him to arrive at his
conclusion that plaintiff had sustained a serious injury (see Toure v Avis Rent A Car
Sys., 98 NY2d 345 [2002]; Scudera v Mahbubur, 299 AD2d 535 [2002]). Although
defendant's medical experts offered a different opinion, the resolution of conflicting medical
opinions is within the province of the jury (see Mendoza v Kaplowitz, 215 AD2d 735
[1995]).
Upon a review of the record, we agree with the Civil Court's finding that the portion of [*3]the jury's verdict which awarded plaintiff $750,000 for future pain
and suffering was excessive. Considering the nature and extent of plaintiff's injuries, the award
deviated materially from what would be reasonable compensation to the extent that it exceeded
the sum of $300,000 for future pain and suffering (see CPLR 5501 [c]; Frascarelli v
Port Auth. of NY & N.J., 269 AD2d 422 [2000]; Faust v New York City Tr. Auth., 4 Misc 3d 89 [App Term, 2d
Dept, 2d & 11th Jud Dists 2004]). 
Accordingly, the order is modified by providing that defendant's motion is granted to the
extent of setting aside the jury verdict on the issue of damages for future pain and suffering as
excessive, and the matter is remitted to the Civil Court, Queens County, for a new trial on the
issue of damages for future pain and suffering unless, within 30 days after service upon plaintiff
of a copy of this decision and order, plaintiff serves and files in the office of the Clerk of the New
York City Civil Court, Queens County, a written stipulation consenting to reduce the amount of
damages for future pain and suffering from the principal sum of $750,000 to the principal sum of
$300,000.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2021