■ Christine Muller, Appellant, v Gregory J. Boyd, Respondent. [855 NYS2d 651]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated December 26, 2006, which, upon a jury verdict and an order of the same court dated November 20, 2006, denying that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendant and against her, dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal

from the order dated November 20, 2006 is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial is granted, the order dated November 20, 2006 is modified accordingly, and the complaint is reinstated, with costs to abide the event.

While attending a gathering at the defendant's home, the plaintiff was bitten on her lips by the defendant's German Shepherd when she attempted to pet him. At trial, the defendant acknowledged that he had purchased the dog for the protection of his then-fiancée and that the dog had undergone "guard dog" training, in which it had been trained to "go after" intruders. In addition, there was undisputed evidence that the defendant had placed a "Beware of Dog" sign on his property. The defendant testified that the dog had, prior to the subject occurrence, bitten a child attending a family gathering after the child had grabbed the dog around the neck from behind. The defendant further acknowledged that on another occasion, the child of a contractor who was working at his house had to be taken to the hospital as a result of an encounter with the dog. There was also undisputed evidence that, on two occasions, the dog had snapped at the plaintiff's boyfriend, two or three times in succession. Consequently, the jury verdict finding that the defendant's dog did not have vicious propensities was not based on a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Sena v Negron, 38 AD3d 516, 519 [2007]; Nicastro v Park, 113 AD2d 129, 134 [1985]) and the Supreme Court should have granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.