■ HELEN DUBLIS, Respondent, v JOSEPH BOSCO, Appellant, et al., Defendants. [895 NYS2d 847]—In an action to recover damages for medical malpractice, etc., the defendant Joseph Bosco appeals from a judgment of the Supreme Court, Queens County (Rosengarten, J.), entered September 17, 2008, which, upon a jury verdict awarding the plaintiff damages in the principal sums of $200,000 for past pain and suffering and $300,000 for future pain and suffering, and upon the denial of his posttrial motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict, is in favor of the plaintiff and against him in the principal sum of $500,000.

Ordered that the judgment is affirmed, with costs.

The appellant's contention that the Supreme Court improperly denied his motion to set aside the verdict is without merit. Viewing the evidence in the light most favorable to the plaintiff (*see Cucuzza v New York City Tr. Auth.*, 251 AD2d 445 [1998]), a valid line of reasoning exists by which a rational jury could have concluded that the appellant departed from good and accepted standards of medical care and that the departure was a substantial factor in causing the plaintiff's injuries (*see Cavlin v New York Med. Group*, 286 AD2d 469, 470 [2001]; *Jump v Facelle*, 275 AD2d 345 [2000]; *Mortensen v Memorial Hosp.*, 105 AD2d 151, 158 [1984]). Moreover, the jury verdict in favor of the plaintiff was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Murray v Weisenfeld*, 37 AD3d 432 [2007]; *Nicastro v Park*, 113 AD2d 129 [1985]). Finally, the damages award is not excessive, as it does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The appellant's remaining contention is without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.