RAYMOND HAMMOND et al., Respondents, v LEA M. DIAZ et al., Appellants. [918 NYS2d 550]—

On the afternoon of February 4, 2004, the plaintiff Raymond Hammond (hereinafter the plaintiff), was crossing the street at the T-intersection of 79th Avenue and 146th Street in Queens, when he was struck by a car owned by the defendant Lea M. Diaz and driven by her son, the defendant Michael Diaz (hereafter the defendant driver). The defendant driver was turning left onto 146th Street when he struck the plaintiff, who was in the middle of the unmarked crosswalk, causing the plaintiff to sustain various painful and permanently disabling injuries that led to, among other treatment, a $3^{1}/_{2}$-month hospital stay and an approximately 1-month stay in a residential rehabilitation center.

Before a court can conclude that a jury verdict is not supported by legally sufficient evidence, it must first find that there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The evidence must be viewed in the light most favorable to the prevailing party (*see Dublis v Bosco*, 71 AD3d 817 [2010]). Here, the proof established that the defendant driver, inter alia, failed to see that which he should have seen through the proper use of his senses when he turned left into the subject intersection, striking the plaintiff (*see Barbieri v Vokoun*, 72 AD3d 853 [2010]; *Domanova v State of New York*, 41 AD3d 633, 634 [2007]; *Larsen v Spano*, 35 AD3d 820, 822 [2006]). Accordingly, there was legally sufficient evidence supporting the jury's verdict in favor of the plaintiffs and against the defendants. Further, the apportionment of 100% fault to the defendants was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Nicastro v Park*, 113 AD2d

129, 133 [1985]; *De La Cruz v New York City Tr. Auth.*, 48 AD3d 508 [2008]; *Won Sok Kim v New York City Tr. Auth.*, 29 AD3d 984 [2006]).

The damages awards, except as to future pain and suffering, deviate materially from what would be reasonable compensation to the extent indicated herein. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.