■ RACHEL ROSENBAUM et al., Appellants, v ROSS-RODNEY HOUSING CORP. et al., Respondents. [942 NYS2d 199]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), dated January 28, 2011, which, upon, in effect, the denial of their motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on the issue of liability, upon a jury verdict on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law on the issue of liability. Considering the facts in a light most favorable to the defendants, and resolving all questions as to the witnesses' credibility in the defendants' favor, there was a rational process that would lead the trier of fact to find in favor of the defendants (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Shallash v New Is. Hosp., 66 AD3d 988, 991 [2009]; Healy v Carmel Bowl, Inc., 65 AD3d 665, 667 [2009]).

The Supreme Court also properly denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. The evidence did not preponderate so heavily in the plaintiffs' favor that the jury could not have reached a verdict in favor of the defendants by any fair interpretation of the evidence (see Seong Yim Kim v New York City Tr. Auth., 87 AD3d 531, 532 [2011]; Semel v Guzman, 84 AD3d 1054, 1055-1056 [2011]; Nicastro v Park, 113 AD2d 129, 132-134 [1985]).

The plaintiffs' remaining contentions are without merit. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.