■ DOREEN BERGAMO, as Guardian ad Litem of MATTHEW V. FALCONE, JR., Respondent, v VERIZON NEW YORK, INC., et al., Appellants. [944 NYS2d 211]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Knipel, J.), entered February 7, 2011, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident and upon a separate jury verdict on the issue of damages awarding the plaintiff the sums of $30,000,000 for past pain and suffering, $5,438,000 for future pain and suffering for 25 years, and $5,438,000 for total future life care needs, upon the denial of their oral motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law, upon an order of the same court dated November 17, 2010, inter alia, granting that branch of their separate motion pursuant to CPLR 4404 (a) which was for a new trial on the issue of damages for past pain and suffering unless the plaintiff stipulated to reduce the award for past pain and suffering from the sum of $30,000,000 to the sum of $7,500,000, and denying the branch of that motion pursuant to CPLR 4404 (a) which was to set aside the damages awards for future pain and suffering and future life care needs as excessive, and upon the plaintiff's stipulation to reduce the award for past pain and suffering from the sum of $30,000,000 to the sum of $7,500,000, is in favor of the plaintiff and against them in the principal sums of $7,500,000 for past pain and suffering, $5,438,000 for future pain and suffering, and $5,438,000 for future life care needs.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages for past and future pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future pain and suffering only, unless within 30 days after ser-

vice upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the reduced sum of $7,500,000 to the sum of $2,000,000 and the award of damages for future pain and suffering from the sum of $5,438,000 to the sum of $4,000,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

In 2006 Matthew V. Falcone, who was then 50 years old, was crossing Stillwell Avenue near its intersection with Bay 43rd Street in Brooklyn. Falcone stepped from behind an elevated train support pillar, and was struck by a van driven by the defendant Franklin Williams (hereafter the driver) and owned by the defendant Verizon New York, Inc. The front right corner of the van struck Falcone, who then hit the right side of the van's windshield before coming into contact with the pavement. Falcone's sister, the plaintiff Doreen Bergamo, commenced this action on his behalf as his guardian ad litem, seeking to recover damages for the extensive physical injuries Falcone sustained as a result of the accident. After a trial on the issue of liability, the jury found the defendants 100% at fault in the happening of the accident.

To determine that a jury verdict is not supported by legally sufficient evidence, the court must conclude that there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The evidence must be viewed in the light most favorable to the prevailing party (*see Hammond v Diaz*, 82 AD3d 839 [2011]; *Dublis v Bosco*, 71 AD3d 817 [2010]). Here, the proof established that the driver, inter alia, was speeding and failed to see that which he should have seen through the proper use of his senses as he approached the intersection of Stillwell Avenue and Bay 43rd Street, and ultimately struck Falcone (*see Franzese v Consolidated Dairies, Inc.*, 83 AD3d 775 [2011]; *Hammond v Diaz*, 82 AD3d at 840; *Lynch v Dobler Chevrolet, Inc.*, 49 AD3d 509, 510 [2008]). Accordingly, there was legally sufficient evidence supporting the jury's verdict in favor of the plaintiff and against the defendants. Further, the apportionment of 100% fault to the defendants was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Hammond v Diaz*, 82 AD3d at 840; *Nicastro v Park*, 113 AD2d 129, 133 [1985]).

Contrary to the defendants' contention, since there was sufficient evidence adduced at trial from which the jury could have reasonably concluded that Falcone was within an unmarked cross walk when the accident occurred, the trial court correctly granted the plaintiff's request to charge the jury with respect to a motorist's obligation to yield the right-of-way pursuant to 34 RCNY 4-04 (b) (1) (*see Alli v Lucas*, 72 AD3d 994, 995-996 [2010]; *Vanbenschoten v Pitarys*, 284 AD2d 912 [2001]; *Fan v Buzzitta*, 42 AD2d 40 [1973]).

The damages award for past pain and suffering, as reduced by the trial court, and the damages award for future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Chambers, J.P., Roman, Sgroi and Cohen, JJ., concur.