■ CATHERINE RUFFIN, Appellant, v DANIEL WOOD et al., Respondents. [945 NYS2d 417]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Battaglia, J.), dated July 19, 2011, which, upon the denial of her motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, upon a jury verdict in favor of the defendants and against her, and upon an order of the same court dated June 21, 2011, which denied her motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the defendants and against her dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the order dated June 21, 2011, is deemed to be a premature

notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff was tending her garden near a chain link fence separating her property from the defendants' property when the defendants' dog came running out into the defendants' backyard and jumped on the fence in front of the plaintiff. Startled, the plaintiff took a step back and fell, injuring herself. The plaintiff commenced this action against the defendants to recover damages for personal injuries. At trial, the Supreme Court denied the plaintiff's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law. The jury returned a verdict in favor of the defendants, finding that their dog did not have vicious propensities on the date of the plaintiff's accident. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, and the Supreme Court denied her motion. The plaintiff appeals, and we affirm.

Contrary to the plaintiff's contention, the Supreme Court properly denied her motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law (*see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Also contrary to the plaintiff's contention, the Supreme Court properly denied her motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

At trial, the plaintiff testified that a similar incident had occurred approximately two years prior to the subject incident, in which the defendants' dog had charged at the fence while she and her husband were in their backyard, startling them. Although the defendants admitted that the dog sometimes jumped on people he knew in a playful manner, they testified that the dog had never bitten or attacked anyone or, to their knowledge, displayed any aggressive tendencies toward people. Furthermore, the defendants also testified that the dog had full run of the house and had lived for several years without incident in a household with three young children and two cats.

Consequently, there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006]; *Cohen v Hallmark Cards*, 45 NY2d at 499). Moreover, to the extent that the plaintiff argues that the verdict was contrary to the weight of the evidence, this argument is without

merit, as the jury verdict was supported by a fair interpretation of the evidence (*see Sorel v Iacobucci*, 221 AD2d 852 [1995]; *compare Muller v Boyd*, 50 AD3d 867 [2008]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]).

The plaintiff's contention that she was deprived of a fair trial is without merit. Skelos, J.P., Florio, Roman and Miller, JJ., concur. **[Prior Case History: 31 Misc 3d 1244(A), 2011 NY Slip Op 51099(U).]**