■ LITTEN T. THOMAS, Appellant, v MICHAEL CEFOLA, Respondent. [952 NYS2d 465]—

Viewing the evidence in the light most favorable to the defendant, there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented (*see Bergamo v Verizon N.Y., Inc.*, 95 AD3d 916, 917 [2012]; *Hammond v Diaz*, 82 AD3d 839, 840 [2011]; *Segal v City of New York*, 66 AD3d 865, 866-867 [2009]). Furthermore, the verdict was based upon a fair interpretation of the evidence and, thus, was not contrary the weight of the evidence (*see Bergamo v Verizon N.Y., Inc.*, 95 AD3d at 917; *Hammond v Diaz*, 82 AD3d at 840; *Segal v City of New York*, 66 AD3d at 867).

The plaintiff failed to establish that he was entitled to damages for noneconomic loss as a result of the subject motor vehicle accident, since he failed to prove that he sustained a serious injury as defined by Insurance Law § 5102 (d) (*see* Insurance Law § 5104 [a]). While the plaintiff is correct that he was not required to prove that he sustained a serious injury as defined by Insurance Law § 5102 (d) in order to recover for economic loss exceeding $50,000 that he incurred as a result of the subject motor vehicle accident (*see* Insurance Law § 5104 [a]), he nonetheless failed to prove that he sustained economic loss exceeding $50,000 as a result of the subject accident.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.

The defendant's remaining contention is not properly before this Court. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.