■ ZORM TRANS CORP., Respondent, v WOODSIDE MANAGEMENT, INC., Appellant. [975 NYS2d 884]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Grays, J.), entered July 26, 2011, which, upon the denial of its motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law on the issue of liability, upon a jury verdict in favor of the plaintiff and against it, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against it in the principal sum of $25,369.36.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly denied its motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law on the issue of liability. Considering the facts in the light most favorable to the plaintiff, and resolving all questions as to the witnesses' credibility in the plaintiff's favor, there was a rational

process that would lead the trier of fact to find in favor of the plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Ruffin v Wood*, 95 AD3d 1290, 1291 [2012]; *Rosenbaum v Ross-Rodney Hous. Corp.*, 94 AD3d 968, 968 [2012]).

The defendant's challenge to the Supreme Court's denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages as not supported by legally sufficient evidence or to set aside the jury verdict as contrary to the weight of the evidence also is without merit. Viewing the evidence presented at trial in the light most favorable to the plaintiff, there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury, including the findings with respect to damages (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Ruffin v Wood*, 95 AD3d at 1291; *Hammond v Diaz*, 82 AD3d 839 [2011]). Moreover, the jury's verdict was not against the weight of the evidence (*see Dublis v Bosco*, 71 AD3d 817 [2010]; *McGovern v Iqbal*, 63 AD3d 803 [2009]; *Gonyon v MB Tel.*, 36 AD3d 592 [2007]).

The defendant's remaining contentions are unpreserved for appellate review. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.