Gore v Cardany (2018 NY Slip Op 08632)





Gore v Cardany


2018 NY Slip Op 08632


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-09292
2016-09293
 (Index No. 55093/14)

[*1]John Gore, appellant,
v
Melissa Ann Cardany, respondent.


Morgan Levine Dolan, P.C., New York, NY (Duane R. Morgan of counsel), for appellant.
Wilson, Bave, Conboy, Cozza & Couzens, P.C. (Rivkin Radler LLP, Uniondale, NY [Cheryl F. Korman and Merril S. Biscone], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a decision of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated August 3, 2016, and (2) an order and judgment (one paper) of the same court dated August 17, 2016. The order and judgment, upon the decision, granted those branches of the defendant's motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages for past lost earnings in the sum of $156,000 and future lost earnings in the sum of $750,000, and for judgment as a matter of law, and is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for past lost earnings in the sum of $156,000, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the defendant in the principal sum of $156,000; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2013, the plaintiff allegedly was injured when a motor vehicle he was operating was struck in the rear by a vehicle operated by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The [*2]plaintiff was granted summary judgment on the issue of liability, and the case proceeded to a jury trial on the issue of damages. Following the trial, the jury determined that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. However, the jury awarded the plaintiff damages for past lost earnings in the sum of $156,000 and future lost earnings in the sum of $750,000 over 15 years. The defendant moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages for past and future lost earnings and for judgment as a matter of law. The Supreme Court granted the aforementioned branches of the defendant's motion. The plaintiff appeals.
"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Cohen v Hallmark Cards, 45 NY2d 493, 498).
The plaintiff has the burden of establishing damages for past and future lost earnings with reasonable certainty (see Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495; Harris v City of New York, 2 AD3d 782, 784). A plaintiff is not required to prove that he or she sustained a serious injury as defined by Insurance Law § 5102(d) in order to recover for economic loss exceeding $50,000 incurred as a result of a motor vehicle accident (see Insurance Law § 5104[a]; Thomas v Cefola, 99 AD3d 986, 987).
Here, contrary to the Supreme Court's determination, the plaintiff established damages for past lost earnings with reasonable certainty through his own testimony and the submission of his W-2 forms (see Walker v New York City Tr. Auth., 115 AD3d 941, 943; Cenite v Pyramid Floor Covering, Inc., 104 AD3d 479, 479; cf. Lodato v Greyhawk N. Am., LLC, 39 AD3d at 495-496). Further, there was a valid line of reasoning and permissible inferences from which the jury could reach the conclusion that the plaintiff was initially unable to work because of the injuries he sustained in the accident (see Berrios v 735 Ave. of the Ams., LLC, 103 AD3d 472). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for past lost earnings in the sum of $156,000.
However, we agree with the Supreme Court's determination that the plaintiff failed to meet his burden of establishing damages for future lost earnings with reasonable certainty. The plaintiff did not provide competent medical evidence that he would be unable to perform any work in the future (see Coleman v City of New York, 87 AD3d 401; cf. Lane v Smith, 84 AD3d 746, 748-749). Accordingly, we agree with the court's determination granting that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for future lost earnings in the sum of $750,000.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court