Stolz v Manhattan Eye, Ear & Throat Hosp. (2022 NY Slip Op 02147)





Stolz v Manhattan Eye, Ear & Throat Hosp.


2022 NY Slip Op 02147


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-05172
 (Index No. 20090/08)

[*1]Jolanta Stolz, respondent, 
v
Manhattan Eye, Ear & Throat Hospital, appellant.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for appellant.
Goldstein & Goldstein, Brooklyn, NY (Arnold J. Goldstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated March 5, 2019. The order, insofar as appealed from, in effect, denied that branch of the defendant's application which was for judgment as a matter of law.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 20, 2007, the plaintiff was injured when a bungee cord struck her left eye while she was preparing to mail a package. The plaintiff was treated by several physicians at the defendant, Manhattan Eye, Ear & Throat Hospital (hereinafter MEETH), following her injury. Throughout her treatment, the doctors at MEETH prescribed the plaintiff a steroid eye drop called Pred Forte, to treat inflammation in her left eye.
The plaintiff thereafter commenced this action to recover damages for medical malpractice against MEETH. The plaintiff alleged that the prolonged use of the steroid Pred Forte, prescribed by the doctors at MEETH, caused her to develop glaucoma.
This action proceeded to trial in January 2019. During the course of the trial, MEETH's counsel discovered that the plaintiff's expert witness, Irwin Kanarek, had examined the plaintiff in May 2007, and had generated certain reports as a result of that examination. The reports relating to Kanarek's May 2007 examination of the plaintiff (hereinafter the May 2007 records) were never exchanged with MEETH. Consequently, MEETH made an application to strike Kanarek's testimony, to preclude Kanarek from further testifying, for a mistrial, and to dismiss the complaint. The Supreme Court determined that the May 2007 records relating to Kanarek's May 2007 examination of the plaintiff should have been produced in discovery, that the May 2007 records were "inextricably intertwined" with the records relating to Kanarek's December 2007 and May 2013 examinations of the plaintiff, and that the plaintiff failed to show good cause for her delay in [*2]producing the May 2007 records. As a result, the court granted those branches of MEETH's application which were to strike and preclude Kanarek's testimony to the extent of precluding his testimony "regarding the medical records," and granted that branch of MEETH's application which was for a mistrial. MEETH's counsel then requested an award of judgment as a matter of law, arguing that the plaintiff could not establish a prima facie case of medical malpractice without the testimony of Kanarek. In an order dated March 5, 2019, the court, inter alia, in effect, denied MEETH's application. MEETH appeals.
The Supreme Court, in effect, properly declined to grant that branch of MEETH's application which was for judgment as a matter of law. Considering the evidence in the light most favorable to the plaintiff, and resolving all questions as to the witnesses' credibility in the plaintiff's favor, there was a rational process that could lead the jury to find in favor of the plaintiff, even in the absence of the stricken testimony (see Stancati v Gunzburg, 159 AD3d 1011, 1012; Rosenbaum v Ross-Rodney Hous. Corp., 94 AD3d 968, 968; cf. Swezey v Montague Rehab & Pain Mgt., P.C., 84 AD3d 779, 780).
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court