■ YUET NGOR CHANG, as Administratrix of the Estate of WAI KWONG CHANG, Deceased, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. — Judgment, Supreme Court, New York County (Williams, J.), entered February 28, 1980 on a jury verdict awarding damages in the sum of $750,000, modified, on the law and the facts, to strike the award for "loss of future services" and to direct a new trial on damages only unless, within 30 days after service of a copy of the order to be entered hereon with notice of entry, plaintiff shall file in the office of the clerk of the trial court a stipulation consenting to reduce the verdict covering "loss of future earnings" to $110,000, and "loss of services to date" to $2,500, and to the entry of an amended judgment accordingly. If plaintiff so stipulates, the judgment, as amended by the determination of this court and the stipulation, is affirmed, without costs. This is an action for malpractice and wrongful death. Plaintiff's decedent, Wai Kwong Chang (Chang), stepped into the roadway from between two parked cars on 37th Avenue in Jackson Heights, Queens. He was struck by an automobile driven by Chester Lynch (Lynch). Chang was taken to Elmhurst General Hospital, which is owned and operated by the New York City Health and Hospitals Corporation, where he remained until December 22, 1975. Although during his hospital stay a variety of tests were performed, including skull X rays, a lineal skull fracture which Chang had sustained was not discovered. When Chang was released he was not given an instruction sheet normally issued to patients sustaining head injuries, warning them to be watchful for certain symptoms such as dizziness or headaches, and to report back for treatment if the symptoms arose. Chang suffered from headaches and dizziness for eight weeks, and returned to the same hospital on February 6, 1976 with symptoms of headaches, dizziness and trembling. No diagnostic tests were taken, and no emergency service was performed. Chang died on February 9, 1976. An autopsy revealed subdural hematoma and hemorrhages at least six weeks old at the time of Chang's death. Chang's widow's lawsuit against Lynch, the driver of the car which struck her husband, was settled for $18,500. In this action of Chang's widow individually and as administratrix against the New York City Health and Hospitals Corporation, liability against the hospital was plainly established and the jury so found. The jury's verdict was reported in answers to interrogatories submitted by the court as follows: "1 (a) Loss of Earnings to date — $40,000. 1 (b) Loss of Services to date — $80,000. 1 (c) Pain and Suffering — $150,000. 1 (d) Loss of Future Earnings — $160,000. 1 (e) Loss of Future Services — $320,000. The total is $750,000." As plaintiff concedes, so much of the award as includes damages for loss of consortium with respect to the action for wrongful death was in error and the judgment must be modified accordingly (*Liff v Schildkrout*, 49 NY2d 622). Thus, so much of the judgment as is for "loss of future services" in the sum of $320,000 must be stricken, and we so direct. The jury also awarded the sum of $80,000 for loss of services to date, which we take to mean from the date of death to the date of trial, a period in excess of four years. Since the decedent only survived for approximately eight weeks after his injury, so much of the $80,000 as is attributable to the period beyond eight weeks amounts to an

award for loss of consortium, and cannot stand. We have concluded that an award of $2,500 for loss of services from the date of the accident to the date of death is appropriate, and that any amount in excess thereof is for loss of consortium, requiring reversal and a new trial unless plaintiff stipulates to such reduction, and we so direct. In our view the award for "loss of future earnings" in the sum of $160,000 was excessive in the light of plaintiff's age and life expectancy and appears to duplicate, at least in part, the award for "loss of earnings to date". In our view reversal is required unless plaintiff stipulates to reduce such award to $110,000, and we have so directed. We have reviewed the other claims of error assigned by defendant and find them to be without merit. Concur — Sullivan, J.P., Markewich, Bloom and Fein, JJ.