■ BRIAN LOUGHLIN et al., Appellants, v CITY OF NEW YORK, Respondent. [823 NYS2d 122]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 30, 2001, which, insofar as appealed from, granted defendant's motion to dismiss plaintiffs' common-law negligence claims for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs, police officers who were on restricted duty due to line-of-duty injuries and assigned to a criminal part, were injured during scuffles with violent prisoners. They allege that defendant City was negligent in assigning them to a dangerous duty involving prisoner contact that they were deemed medically unfit to perform, and argue that the firefighter's rule (*see Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 438-440 [1995]) does not apply in these circumstances to bar their

claims of negligence (citing, by way of analogy, inter alia, *Martell v City of Utica*, 184 AD2d 1009 [4th Dept 1992] [municipality can be held liable to firefighters for furnishing defective safety equipment]; *but see* General Obligations Law § 11-106 [1] [eff 1996] [police officer can recover for line-of-duty injuries caused by neglect of any person or entity "other than that police officer's . . . employer or co-employee"]). However, as the motion court found, although plaintiffs were on restricted duty, there is no evidence that such duty precluded prisoner contact; the Police Department surgeons' reports specifically prohibiting prisoner contact (by only two of the plaintiffs) are dated after the incidents in which plaintiffs were injured. Thus, it does not appear that plaintiffs were deprived of any protections to which they were entitled (*cf. McCormack v City of New York*, 80 NY2d 808, 810 [1992] [employer has no duty to furnish state of the art equipment, only equipment that is reasonably safe and suitable for its intended use]). At worst, the assignment was an exercise of poor professional judgment for which the City cannot be held liable (*see id.* at 811; *Flynn v City of New York*, 258 AD2d 129, 136-137 [1999]). We have considered and rejected plaintiffs' other arguments. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.