■ DENNIS AMODIO et al., Respondents, v CITY OF NEW YORK et al., Appellants. WARRINGTON GROUP, LTD., et al., Third-Party Plaintiffs-Appellants, v BARON RUBBER, LTD., Third-Party Defendant-Respondent. [822 NYS2d 530]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered January 31, 2006, which, to the extent appealed from as limited by the briefs, denied defendants' cross motions for summary judgment dismissing the complaint, denied third-party plaintiffs' cross motion for summary judgment on indemnification, and granted, in part, third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, summary judg-

ment granted to defendant City, the matter remanded to determine the merits of defendants' spoliation motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant City of New York dismissing the complaint as against it.

A municipal defendant generally is not answerable in damages for the injurious consequences of official action involving the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial (*Haddock v City of New York*, 75 NY2d 478, 484 [1990]; *see Mon v City of New York*, 78 NY2d 309, 313 [1991]; *Tango v Tulevech*, 61 NY2d 34, 40-41 [1983]). The function of selecting firefighting equipment is clearly a discretionary governmental function, and the City's extensive review process was thus entitled to such immunity (*see Mc-Cormack v City of New York*, 80 NY2d 808 [1992]).

The nonmunicipal defendants' cross motion for spoliation sanctions as a result of plaintiffs' alleged failure to produce the actual boots worn on the day of his injury was timely made, and the court is directed to make a determination with respect to the merits of that motion, on which we offer no opinion.

We disagree with the motion court's finding that the nonmunicipal defendants' cross motion for indemnification in the third-party action was untimely; however, we make no modification in this regard because these third-party plaintiffs failed to establish their entitlement to such relief.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.