■ GLENN HECKEL, Respondent, v CITY OF NEW YORK, Appellant. [875 NYS2d 217]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated February 5, 2008, which, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

On October 25, 2004 the plaintiff, an employee of the Department of Sanitation of the defendant City of New York, was assigned to a recycling collection route. The sanitation truck the plaintiff used that day had two compartments, one larger than the other. He was required to place cardboard and paper recyclables into the smaller compartment, and to place metal, glass, and plastic recyclables into the larger compartment. He allegedly was injured when, while placing a piece of cardboard into the smaller compartment, his hand became caught under a "hopper blade."

After the accident, the plaintiff served the City with a notice of claim, in which he alleged that the City was negligent in, among other things, requiring sanitation workers to place cardboard and paper recyclables into the smaller compartment, an "inherently dangerous practice." Subsequently, the plaintiff commenced this action against the City, again alleging, among other things, that the City was negligent in requiring sanitation workers to engage in the "inherently dangerous practice" of placing cardboard and paper recyclables into the smaller compartment. However, in a bill of particulars served ap-

proximately 17 months after the accident, the plaintiff claimed, for the first time, that the City also was negligent in failing to properly train and supervise him with respect to placing cardboard and paper recyclables into the smaller compartment.

The City then moved, inter alia, for summary judgment dismissing the complaint. In the order appealed from, the court, in effect, denied that branch of the City's motion which was for summary judgment, finding that triable issues of fact existed as to whether the City was negligent in requiring sanitation workers to place cardboard and paper recyclables into the smaller compartment, and as to whether the City was negligent in failing to properly train and supervise the plaintiff concerning the placement of cardboard into the sanitation truck. We reverse.

The City demonstrated its prima facie entitlement to judgment as a matter of law by establishing, among other things, that it could not be subjected to tort liability for its decision to require sanitation workers to place cardboard and paper recyclables into the smaller compartment, as that decision constituted a discretionary act involving the exercise of reasoned judgment (*see Pelaez v Seide,* 2 NY3d 186, 198 [2004]; *Lauer v City of New York,* 95 NY2d 95, 99 [2000]; *McCormack v City of New York,* 80 NY2d 808, 811 [1992]; *Mon v City of New York,* 78 NY2d 309, 313 [1991]; *Haddock v City of New York,* 75 NY2d 478, 484 [1990]; *Arteaga v State of New York,* 72 NY2d 212, 216 [1988]; *Tango v Tulevech,* 61 NY2d 34, 40 [1983]). In this regard, the City submitted evidence showing that the decision was made by a Sanitation Department district superintendent, who, based on certain information he gathered and his experience, determined that the larger compartment was more appropriately used for metal, glass, and plastic recyclables, which could include large items such as refrigerators (*see Amodio v City of New York,* 33 AD3d 456, 457 [2006]; *cf. Loughlin v City of New York,* 33 AD3d 399, 400 [2006]). In opposition, the plaintiff provided no evidence tending to show that the superintendent's act was ministerial in nature or did not involve the exercise of reasoned judgment and, thus, failed to raise a triable issue of fact as to whether governmental immunity did not attach to the challenged decision (*cf. Kenavan v City of New York,* 70 NY2d 558, 569-570 [1987]; *Vyse v City of New York,* 204 AD2d 436, 436-437 [1994]). Furthermore, the plaintiff could not rely on evidence in support of a theory of liability not advanced in the notice of claim to raise a triable issue of fact (*see Semprini v Village of Southampton,* 48 AD3d 543, 544 [2008]; *Mahase v Manhattan & Bronx Surface Tr. Operating Auth.,* 3 AD3d 410, 410-411 [2004]). Under these circumstances, the Supreme Court should

have granted that branch of the City's motion which was for summary judgment dismissing the complaint (*see Franco v Village of Sleepy Hollow,* 306 AD2d 374, 375 [2003]). Prudenti, P.J., Ritter, Santucci and Covello, JJ., concur.