■ JOHN LOSCHIAVO, Respondent, v CITY OF NEW YORK, Appellant. [923 NYS2d 676]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated January 11, 2010, as denied that branch of its cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's cross motion which was for summary judgment dismissing the complaint is granted.

On March 6, 2006, the plaintiff, an employee of the New York City Department of Sanitation (hereinafter the Department), was assigned to a recycling collection route using a dual hopper recycling truck. The plaintiff allegedly was injured when a metal bar he was recycling ejected from one of the truck's hoppers, struck him in the head, and knocked him into the path of an oncoming bus.

The plaintiff commenced this action against the City, alleging that it was negligent in failing to provide a safe recycling truck despite its notice that this model of truck sometimes ejected material from the hoppers during recycling operations.

The plaintiff moved for summary judgment on the complaint and the City cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, among other things, denied that branch of the City's cross motion which was for summary judgment dismissing the complaint, concluding that triable issues of fact existed as to whether the City had or should have had notice of the truck's alleged defective condition and, if so, whether the City breached a duty owed to the plaintiff by failing to correct the defective condition. We reverse the order insofar as appealed from.

The City demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it could not be subjected to tort liability for its decision to use this particular model of truck on recycling collection routes because the decision was a discretionary governmental act involving the exercise of reasoned judgment (*see McCormack v City of New York*, 80 NY2d 808, 811 [1992]; *Haddock v City of New York*, 75 NY2d 478, 484 [1990]; *Heckel v City of New York*, 60 AD3d 812, 813 [2009]). The City submitted evidence showing that the Department made the decision to use this particular dual hopper truck after considering hoppers from several manufacturers, conducting field tests, and determining that the hopper was reasonably safe (*see Amodio v City of New York*, 33 AD3d 456, 457 [2006]). In examining available hoppers, the Department found that no hopper design completely eliminated the risk that material would sometimes eject during recycling collection operations, except for one design that posed alternate, greater safety risks. In opposition, the plaintiff provided no evidence demonstrating that the Department's decision was ministerial in nature or that it was not based on the exercise of reasoned judgment and, therefore, his opposition failed to raise a triable issue of fact (*cf. Heckel v City of New York*, 60 AD3d 812 [2009]).

The plaintiff's remaining contentions have been rendered academic in light of our determination, are not properly before this Court, or are without merit.

Accordingly, the Supreme Court should have granted that branch of the City's cross motion which was for summary judgment dismissing the complaint (*id.*; *see Franco v Village of Sleepy Hollow*, 306 AD2d 374, 375 [2003]). Covello, J.P., Chambers, Lott and Miller, JJ., concur.