■ ROSEANN LANGAN et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. [955 NYS2d 107]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (F. Rivera, J.), entered April 1, 2011, which, upon a jury verdict on the issue of liability finding it 75% at fault in the happening of the accident and the plaintiff Roseann Langan 25% at fault, upon a jury verdict on the issue of damages awarding the principal sums of $225,000 to the plaintiff Roseann Langan for past pain and suffering, $262,500 to the plaintiff Roseann Langan for future pain and suffering, and $37,500 to the plaintiff Henry Langan for loss of services, and upon an order of the same court dated September 14, 2010,

denying its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it.

Ordered that the judgment is affirmed, with costs.

On March 29, 2007, while driving west on 60th Street in Brooklyn, a vehicle operated by the plaintiff Roseann Langan (hereinafter the injured plaintiff) was struck at the intersection of 60th Street and Third Avenue by a vehicle operated by the defendant Elbert Frazier, which had been proceeding south on Third Avenue. The force of the impact redirected the injured plaintiff's vehicle southbound onto Third Avenue, where it struck a stanchion supporting the Gowanus Highway. As a result of the accident, the injured plaintiff sustained serious physical injuries.

The injured plaintiff, and her husband suing derivatively, commenced this action against the City of New York and Frazier. The plaintiffs alleged, inter alia, that the City negligently failed to properly inspect and discover that the traffic light at the subject intersection was defective. They claimed that the traffic light was improperly turned at a 45-degree angle so that the light appeared to control traffic traveling both westbound on 60th Street and southbound on Third Avenue, proximately causing the collision.

The case proceeded to a jury trial. At the conclusion of the trial, the jury found that the City was 75% at fault in the happening of the accident, that the injured plaintiff was 25% at fault, and that Frazier was not negligent.

After the trial, the City moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the City's motion, and entered judgment in favor of the plaintiffs and against the City. The City appeals from the judgment.

Contrary to the City's contention, the verdict was not contrary to the weight of the evidence. "A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict upon any fair interpretation of the evidence" (*Volino v Long Is. R.R. Co.*, 83 AD3d 693, 693 [2011]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 497-498 [1978]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption

that the jury adopted that view" (*McGovern v Iqbal*, 63 AD3d 803, 803 [2009]; *see Palermo v Original California Taqueria, Inc.*, 72 AD3d 917 [2010]).

Here, a fair interpretation of the evidence, which included testimony from a nonparty witness who worked at an auto body shop located on Third Avenue between 60th and 61st Streets that the subject traffic light had been turned at an angle two to four months prior to the accident and that he had called 311 to report the condition, supported the jury's verdict that the City was 75% at fault in the happening of the accident. Accordingly, the Supreme Court properly denied that branch of the City's motion which was pursuant to CPLR 4404 (a) to set aside the jury's verdict as contrary to the weight of the evidence.

The City's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.