■ JOSEPH J. DELANOY, JR., et al., Respondents, v CITY OF WHITE PLAINS et al., Appellants, et al., Defendants. [995 NYS2d 725]—

In an action to recover damages for personal injuries, etc., the defendants City of White Plains and Robert J. Mullins appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 5, 2012, as, upon the denial of their motions pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case and at the close of all evidence, upon a jury verdict on the issue of liability finding them 58% at fault in the

happening of the accident, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The appellants challenge the jury's determination that there was a special relationship between the City of White Plains and the plaintiff Joseph J. Delanoy, Jr. (hereinafter the plaintiff), when the City's plumbing inspector, the defendant Robert Mullins (hereinafter the inspector), directed the plaintiff to perform a clearly unsafe air pressure test. This contention is without merit. The Court of Appeals has recognized three situations in which a duty may arise by way of a special relationship: "(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (*Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 426 [2013]; *see Metz v State of New York*, 20 NY3d 175, 180 [2012]; *McLean v City of New York*, 12 NY3d 194, 203 [2009]). Of the three ways that a duty may arise out of a special relationship, only the third is at issue on this appeal—whether the appellants took positive control of a known and dangerous safety condition. Contrary to the appellants' contention, the jury's determination that the City and its inspector took positive control of a known and dangerous safety condition which gave rise to the plaintiff's injuries was supported by a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Crooks v E. Peters, LLC*, 103 AD3d 828, 830 [2013]; *Langan v City of New York*, 100 AD3d 834, 835 [2012]; *see also Applewhite v Accuhealth, Inc.*, 21 NY3d at 426; *cf. Smullen v City of New York*, 28 NY2d 66, 69-72 [1971]; *Abraham v City of New York*, 39 AD3d 21, 28 [2007]).

In addition, the jury's determination that the inspector was performing ministerial acts, rather than discretionary acts (*see McLean v City of New York*, 12 NY3d at 203), was not contrary to the weight of the evidence (*see generally Crooks v E. Peters, LLC*, 103 AD3d at 830).

Furthermore, the appellants' contention that the Supreme Court erred in allowing certain expert testimony is without merit (*see Dufel v Green*, 84 NY2d 795, 797-798 [1995]).

The appellants' remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.