Lewery v City of New York (2021 NY Slip Op 01035)





Lewery v City of New York


2021 NY Slip Op 01035


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-07863
 (Index No. 150035/14)

[*1]Michael Lewery, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Tacopina & Seigel, New York, NY (Matthew G. DeOreo of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and John Moore of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an amended order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated May 2, 2018. The amended order, insofar as appealed from, granted that branch of the motion of the defendants City of New York and New York City Department of Sanitation which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the amended order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York and New York City Department of Sanitation which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff, an employee of the New York City Department of Sanitation, was assigned to remove debris in Staten Island following Superstorm Sandy. While doing so, the plaintiff allegedly stepped on a downed power line, collapsed, and was transported by ambulance to the hospital where he was treated for electrocution.
The plaintiff commenced the instant action against, among others, the defendants City of New York and New York City Department of Sanitation (hereinafter together the City defendants). During the course of discovery, the plaintiff testified at his deposition that his supervisor assured him that the power was turned off on the street on which he was ordered to work.
The City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them based upon the doctrine of governmental immunity. In the order appealed from, the Supreme Court granted that branch of the motion. We reverse.
"[T]he common-law doctrine of governmental immunity . . . shield[s] public entities from liability for discretionary actions taken during the performance of governmental functions" (Valdez v City of New York, 18 NY3d 69, 75-76). "When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425). "[A] municipality will be deemed to have been engaged in [*2]a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (id. at 425 [internal quotation marks omitted]).
In order to sustain liability against a municipality engaged in a governmental function, "the facts [must] demonstrate that a special duty was created" with the plaintiff (Valdez v City of New York, 18 NY3d at 75). A "special duty" is "a duty [that] is born of a special relationship between the plaintiff and the governmental entity" (Pelaez v Seide, 2 NY3d 186, 198-199).
Contrary to the plaintiff's contention, the City defendants met their prima facie burden of establishing that they were engaged in a governmental function at the time that the causes of action arose (see Valdez v City of New York, 18 NY3d at 75). However, the City defendants failed to establish, prima facie, the absence of a special duty to the plaintiff.
In this case, the plaintiff had an employer-employee relationship with the New York City Department of Sanitation. Therefore, the plaintiff cannot be equated with a member of the general public. It appears from this record that there exists a triable issue of fact as to whether the City defendants voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally that generated the plaintiff's justifiable reliance (see Applewhite v Accuhealth, Inc., 21 NY3d at 426; McLean v City of New York, 12 NY3d 194, 199; Delanoy v City of White Plains, 122 AD3d 663, 664).
This Court has applied the doctrine of governmental immunity to an employee of the New York City Department of Sanitation, but in that case, the issue was whether the City of New York engaged in discretionary governmental actions based upon reasoned judgment in selecting equipment (see Loschiavo v City of New York, 84 AD3d 1179, 1180). On this record, it does not appear that this case involves discretionary determinations (see Johnson v City of New York, 15 NY3d 676, 681; Katz v Town of Clarkstown, N.Y., 120 AD3d 632, 634).
Since the City defendants failed to meet their prima facie burden of establishing entitlement to judgment as a matter of law based upon governmental immunity, denial of that branch of their motion was required regardless of the sufficiency of the plaintiff's papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court