Schneider v Hanasab (2022 NY Slip Op 05552)

Schneider v Hanasab

2022 NY Slip Op 05552

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-02971
 (Index No. 608726/16)

[*1]Beth Schneider, etc., respondent,
v
Haroon Hanasab, et al., appellants.

Scahill Law Group P.C., Bethpage, NY (Gilbert J. Hardy of counsel), for appellant Haroon Hanasab.
John B. Chiara, Town Attorney, Manhasset, NY (Amanda Abata and Adriana Demirciyan of counsel), for appellant Town of North Hempstead.
Alpert, Slobin & Rubenstein, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the defendants Haroon Hanasab and Town of North Hempstead separately appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered April 12, 2021. The order, insofar as appealed from by the defendant Haroon Hanasab, denied his motion pursuant to CPLR 4404(a) to set aside so much of a jury verdict as awarded the plaintiff the principal sums of $2,000,000 for the decedent's conscious pain and suffering and $125,000 for loss of services as contrary to the weight of the evidence and for a new trial on the issue of those damages, or, in the alternative, to set aside, as excessive, so much of the jury verdict as awarded the plaintiff the principal sum of $2,000,000 for the decedent's conscious pain and suffering. The order, insofar as appealed from by the defendant Town of North Hempstead, denied those branches of its motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict as found it 70% at fault in the happening of the subject accident and for judgment as a matter of law dismissing the amended complaint insofar as asserted against it, or, in the alternative, to set aside, as contrary to the weight of the evidence, that portion of the jury verdict and for a new trial.
ORDERED that the order is modified, on the facts, by deleting the provision thereof denying that branch of the motion of the defendant Haroon Hanasab which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded the plaintiff the principal sum of $125,000 for loss of services as contrary to the weight of the evidence and for a new trial on the issue of those damages, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of a judgment of the same court dated June 25, 2020, as awarded the plaintiff the principal sum of $125,000 for loss of services is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of those damages and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the award of damages for loss of services from [*2]the principal sum of $125,000 to the principal sum of $10,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment accordingly.
This action arises out of an accident in which Barry Schneider (hereinafter the decedent) was riding a motorized scooter and was struck by a vehicle driven by the defendant Haroon Hanasab at an intersection in North Hempstead. This Court previously affirmed the denial of summary judgment to the defendant Town of North Hempstead on the issue of liability (see Schneider v Hanasab, 177 AD3d 923). After a jury trial, the jury found that both Hanasab and the Town were negligent, apportioned liability 70% to the Town and 30% to Hanasab, and, inter alia, awarded the plaintiff damages in the principal sums of $2,000,000 for the decedent's conscious pain and suffering and $125,000 for loss of services. A judgment based upon the jury's verdict was subsequently entered in favor of the plaintiff and against the defendants. Thereafter, Hanasab moved pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded damages for conscious pain and suffering and loss of services as contrary to the weight of the evidence and for a new trial on the issue of those damages, or, in the alternative, to set aside, as excessive, so much of the jury verdict as awarded damages for conscious pain and suffering. The Town separately moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as found it 70% at fault in the happening of the accident and for judgment as a matter of law dismissing the amended complaint insofar as asserted against it, or, in the alternative, to set aside, as contrary to the weight of the evidence, that portion of the jury verdict and for a new trial. In an order entered April 12, 2021, the Supreme Court denied both motions, and the defendants separately appeal from the order.
We note that the defendants' respective appeals from the judgment were deemed dismissed pursuant to 22 NYCRR 1250.10(a) for failure to timely perfect. While the defendants would ordinarily be precluded from relitigating the issues that could have been raised on their prior appeals from the judgment (see Bray v Cox, 38 NY2d 350), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeals (see Faricelli v TSS Seedman's, 94 NY2d 772, 774; Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 854-855).
The Supreme Court properly denied those branches of the Town's motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict as found it 70% at fault in the happening of the accident and for judgment as a matter of law dismissing the amended complaint insofar as asserted against it, or, in the alternative, to set aside, as contrary to the weight of the evidence, that portion of the jury verdict and for a new trial. "Pursuant to CPLR 4404(a), after a jury trial, 'the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as deemed reasonable by the court'" (Yac v County of Suffolk, 205 AD3d 764, 765, quoting CPLR 4404[a]). "A jury verdict is contrary to the weight of the credible evidence where the verdict could not have been reached 'under any fair interpretation of the evidence'" (Wieder v Home Depot U.S.A., Inc., ___ AD3d ___, ___, 2022 NY Slip Op 04830, *2 [2d Dept], quoting 409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876 [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744). "'A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Yac v County of Suffolk, 205 AD3d at 766-767, quoting Larkin v Wagner, 170 AD3d 1145, 1147 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Anarumo v Herzog, 201 AD3d 778, 778).
Here, contrary to the Town's contention, there is a valid line of reasoning and permissible inferences that could lead rational persons to the jury's conclusion that the Town was negligent with respect to its placement of the stop line at the intersection where the decedent was struck, and that such negligence was a proximate cause of the accident (see Poveromo v Town of Cortlandt, 127 AD3d 835, 838). Moreover, the jury's apportionment of fault was supported by a [*3]fair interpretation of the evidence (see Loja v Lavelle, 132 AD3d 637, 640; Langan v City of New York, 100 AD3d 834).
The Supreme Court properly denied those branches of Hanasab's motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded the plaintiff the principal sum of $2,000,000 for the decedent's conscious pain and suffering as contrary to the weight of the evidence and for a new trial on the issue of those damages, or, in the alternative, to set aside, as excessive, that award of damages. The opinion of the plaintiff's medical expert regarding the pain the decedent experienced from the injuries he suffered as a result of the accident between the time of the accident and the decedent's death four days later, together with the plaintiff's testimony regarding her observations of the decedent during his hospitalization, sufficiently demonstrated the degree of the decedent's consciousness and the severity of the pain he suffered as a result of the accident (see Hyung Kee Lee v New York Hosp. Queens, 118 AD3d 750, 753; Ramos v Shah, 293 AD2d 459, 460). Furthermore, the award of the sum of $2,000,000 for the decedent's conscious pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Arcos v Bar-Zvi, 185 AD3d 882, 883; Miller v Weisel, 15 AD3d 458, 459).
However, the jury's award of damages for loss of services in the sum of $125,000 must be set aside. "Since damages for wrongful death are limited to pecuniary loss, damages for loss of society, affection, conjugal fellowship and consortium are not recoverable" (Motelson v Ford Motor Co., 101 AD3d 957, 962, affd 24 NY3d 1025; see Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668). Where a loss of services claim is based upon loss of household services, the standard by which to measure the value of those damages "is the cost of replacing the decedent's services" (Hyung Kee Lee v New York Hosp. Queens, 118 AD3d 750, 754 [internal quotation marks omitted]). Here, the jury's award of damages for loss of services for four days is not supported by the record. Accordingly, a new trial on the issue of damages for loss of services is required, unless the plaintiff stipulates to a reduced award to the extent indicated herein (see Rose v Zinberg, 128 AD3d 940; Yuet Ngor Chang v New York City Health & Hosps. Corp., 82 AD2d 764).
The Town's remaining contentions are without merit.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court