Shouldis v Strange (2024 NY Slip Op 02340)

Shouldis v Strange

2024 NY Slip Op 02340

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-05570
 (Index No. 101141/13)

[*1]Charlene Shouldis, etc., appellant,
v
Theodore Strange, etc., respondent, et al., defendant.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York, NY (Brian J. Shoot and Vito A. Cannavo of counsel), for appellant.
Belair & Associates, P.C., New York, NY (Raymond W. Belair of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Alan C. Marin, J.), dated February 24, 2020. The judgment, insofar as appealed from, upon an order of the same court dated December 3, 2019, granting that branch of the motion of the defendant Theodore Strange which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against him on the issue of proximate cause and for judgment as a matter of law dismissing the complaint insofar as asserted against him, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Theodore Strange which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against him on the issue of proximate cause and for judgment as a matter of law dismissing the complaint insofar as asserted against him is denied, the complaint insofar as asserted against that defendant and the verdict in favor of the plaintiff and against that defendant on the issue of proximate cause are reinstated, the order dated December 3, 2019, is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for a determination of the remaining branches of that defendant's motion.
The plaintiff commenced this action against the defendant physician Theodore Strange, among others, to recover damages for medical malpractice and wrongful death related to the death of Richard Shouldis (hereinafter the decedent) by suicide. Strange treated the decedent in the days and weeks before the decedent's death, including an office visit hours before the decedent's death. After a trial, a jury found that Strange had departed from the standard of care in his treatment of the decedent and by failing to send the decedent to the emergency room the day before the decedent's death, and that such departures were substantial factors in causing the decedent's death. The jury awarded the plaintiff damages in the total sum of $9,973,001.
Thereafter, Strange moved pursuant to CPLR 4404(a) to set aside the verdict on the issues of departure from the standard of care and proximate cause and for judgment as a matter of law dismissing the complaint insofar as asserted against him. Strange also moved, in the alternative, [*2]to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside the verdict on the issue of damages and for a new trial thereon. In an order dated December 3, 2019, the Supreme Court granted that branch of Strange's motion which was to set aside the verdict on the issue of proximate cause and for judgment as a matter of law dismissing the complaint insofar as asserted against him, concluding that the evidence at trial did not establish that any departure by Strange was a proximate cause of the decedent's death. As a result, the court did not consider the remaining branches of Strange's motion, including that branch which was to set aside the verdict on the issue of departure from the standard of care and for judgment as a matter of law dismissing the complaint insofar as asserted against him, that branch which was to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and that branch which was to set aside the verdict on the issue of damages and for a new trial thereon. The court entered judgment upon the order, inter alia, in favor of Strange and against the plaintiff dismissing the complaint insofar as asserted against Strange. The plaintiff appeals.
"A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Schneider v Hanasab, 209 AD3d 684, 687 [internal quotation marks omitted]).
"The elements of a medical malpractice cause of action are a deviation or departure 'from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (DiLorenzo v Zaso, 148 AD3d 1111, 1112, quoting Stukas v Streiter, 83 AD3d 18, 23). "To establish proximate cause in a medical malpractice case, a plaintiff must present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Stewart v New York Hosp. Queens, 214 AD3d 919, 921 [internal quotation marks omitted]).
Here, the Supreme Court erred in granting that branch of Strange's motion which was to set aside the verdict on the issue of proximate cause and for judgment as a matter of law dismissing the complaint insofar as asserted against him, since the jury reasonably concluded, based on the evidence presented at trial, that Strange's alleged departures were a proximate cause of the decedent's death. The plaintiff's expert witness testified that the decedent's suicide was preventable and that a referral to the emergency room would have allowed the decedent to be admitted to the hospital. Such testimony was sufficient to allow a reasonable person to conclude that it was more probable than not that Strange's conduct, under these circumstances, diminished the decedent's chance of a better outcome (see Grullon v Thoracic Surgical P.C., 208 AD3d 1163, 1165; Goldberg v Horowitz, 73 AD3d 691, 694). Accordingly, the court should not have granted that branch of Strange's motion which was to set aside the verdict on the issue of proximate cause and for judgment as a matter of law (see Larkin v Wagner, 170 AD3d 1145, 1148).
Under the circumstances of this case, the matter must be remitted to the Supreme Court, Richmond County, for a determination of the remaining branches of Strange's motion, including that branch which was to set aside the verdict on the issue of departure from the standard of care and for judgment as a matter of law dismissing the complaint insofar as asserted against him, that branch which was to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and that branch which was to set aside the verdict on the issue of damages and for a new trial thereon.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court